NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0158n.06

No. 18-3940

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 29, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE |
| RICARDO VELOZ-ALONZO, | ) | NORTHERN DISTRICT OF<br>OHIO |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, GIBBONS, and BUSH, Circuit Judges.

**BOGGS, Circuit Judge.** Ricardo Veloz-Alonzo pled guilty to reentering the United States without permission after being deported. *See* 8 U.S.C. § 1326(a). After he entered his plea, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In due course, the district court entered a judgment of conviction. Veloz-Alonzo argues that in light of *Pereira*, he is innocent of illegal reentry as a matter of law, so his conviction must be reversed. In his view, because the Notice to Appear that initiated his 2002 removal proceeding omitted a hearing date and time, jurisdiction never vested in the immigration court, and his removal order is invalid.

After briefing in this case concluded, we rejected Veloz-Alonzo's argument in *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019). *Santos-Santos* holds that "[n]o references [in the Notice to Appear] to the time and place of the hearing are required to vest jurisdiction" in the immigration court. *Id.* at 490.

Accordingly, we **AFFIRM** the judgment of conviction.